IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>vs.<br><br>Jamie Tavares Hinton,<br>　　　　　　Defendant. | Criminal No. 3:09-825-20-CMC<br><br>**OPINION AND ORDER** |

This case comes before the court on Defendant's *pro se* Motion for Relief Under First Step Act of 2018 and related letters. ECF Nos. 1674, 1684, 1716. The Government filed a Response in Opposition. ECF No. 1686. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the Act. ECF No. 1683.

The court has reviewed the above filings as well as the Superseding Indictment (ECF No. 319), Defendant's Plea Agreement (ECF No. 467), Transcript of Rule 11 hearing (ECF No. 1705), and PreSentence Report ("PSR") (ECF No. 683), and concludes that Defendant is not eligible for relief under the First Step Act.

It was charged in Count 1 of the Superseding Indictment that Defendant:

> knowingly and intentionally did combine, conspire, agree and have tacit understanding with each other and with others, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, said conspiracy involving 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); All in violation of Title 21, United States Code, Section 846.

ECF No. 319 at 1.

Defendant thereafter entered into a Plea Agreement that provided for a plea to a lesser included offense:

> The Defendant agrees to plead guilty to Count 1 of the Superseding Indictment now pending, which charges conspiracy to distribute cocaine and "crack" cocaine, said conspiracy involving 5 grams or more of "crack" cocaine and 500 grams or more of cocaine, . . . a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).[1]
>
> In order to sustain its burden of proof as to this offense, the Government is required to prove the following:
>
> Count 1
>
> (1) The conspiracy was knowingly and wilfully formed and was in existence on or about the dates set forth in the Superseding Indictment;
> (2) The defendant joined the conspiracy with knowledge of the conspiracy's unlawful purpose; and
> (3) The defendant distributed 5 grams of "crack" cocaine and 500 grams or more of cocaine, agreed to the distribution of those quantities or the distribution of those quantities was reasonably foreseeable to the defendant and within the scope of his agreement.
>
> Possible Penalties for 21 U.S.C. § 846
> A mandatory minimum term of 10 years, a maximum of life, a maximum fine of $4 million dollars, a term of supervised release of 8 years and a $100.00 special assessment.[2]

ECF No. 467 at 1-2.

---

[1] Although the Plea Agreement lists § 841(b)(1)(A), as Defendant entered a plea to the lesser included offense, the correct statute subsection is § 841(b)(1)(B).

[2] Defendant's mandatory minimum was enhanced based on a prior felony drug conviction. 21 U.S.C. § 851. Although Defendant had five prior felony drug convictions, the Government withdrew all but one pursuant to ¶ 12 of the Plea Agreement.

2

At the Rule 11 hearing, the court advised Defendant:

> As to Mr. Hinton the difference is only in the drug amount. In other words, they would still have to prove that there was such a conspiracy and that you wilfully joined in it with knowledge of its unlawful purpose, but they would only have to prove that you either personally distributed five grams of crack and 500 grams or more of cocaine, or assisted in that, or that it was reasonably foreseeable to you and within the scope of your agreement that that would occur. Do you understand the charge and what they would have to prove as to you, Mr. Hinton?
> Mr. Hinton: Yes, ma'am.

ECF No. 1705 at 30.

The Government, through FBI Special Agent Michael Stansbury, summarized the evidence against Defendant, explaining Defendant

> would either get his cocaine from Mr. Riley and his group, or he would get his cocaine from Mr. Pretty and his – he would get several ounces of cocaine at a time, based on cooperating witnesses and phone conversations. That cocaine would be cooked up, some of that cocaine at least, would be cooked up into crack cocaine and distributed to other members of the conspiracy, some that are indicted in the Tarrel Lide indictment, for further distribution on down the line.
> And that – they would cook up well in excess of five grams of cocaine into crack cocaine, as far as Mr. Hinton was concerned, and he also got more than 500 grams of powder cocaine in total from – in all of this conspiracy. And there are several cooperating defendants to provide information about that, including Mr. Riley and others in this case, in this investigation.

*Id.* at 39:13-40:2.

Thereafter the court inquired of Defendant as follows:

> The court: All right. As to Mr. Hinton. Mr. Hinton, do you admit that you were involved in this drug conspiracy that has been described here?
> Mr. Hinton: Yes, ma'am.
> The court: And do you admit that during the time of your involvement you were involved in at least five grams of crack and 500 grams or more of cocaine powder?
> Mr. Hinton: Yes, ma'am.
> . . .

3

> The court: All right. Then how do you wish to plead to the lesser included offense in count 1, not guilty or guilty?
> Mr. Hinton: Guilty.

*Id.* at 45:14:21, 45:24-46:1.

The PSR described Defendant's involvement in a large drug trafficking organization which distributed multi-ounce to multi-kilogram quantities of cocaine and cocaine base in the Columbia area of South Carolina. ECF No. 683 at ¶ 18. The PSR notes Defendant "obtained multi-gram quantifies of cocaine and/or crack from sources . . . which he then distributed to others during the course of the conspiracy." *Id.* The PSR, however, did not seek to account for the total amount of cocaine and cocaine base attributable to the conspiracy to which Defendant entered a plea of guilty. Rather, it was aimed at establishing an amount that would determine Defendant's Guideline range within the statutory limits of Count 1, to which Defendant had admitted guilt as to five grams of "crack" cocaine and 500 grams or more of cocaine.

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to distribute five grams or more of cocaine base <u>and</u> 500 grams or more of cocaine. He admitted he was "involved" with at least five grams of cocaine base and 500 grams of cocaine during the conspiracy. His statutory penalty was not therefore controlled only by his guilty plea to conspiracy involving five grams or more of cocaine base. Because he also admitted guilt to conspiracy to distribute 500 grams or more of cocaine, his statutory penalty range was 10 years to Life, independent of the penalty on the cocaine base offense.

The intent of the First Step Act's cocaine base penalty changes was to provide Fair Sentencing Act relief to those whose statutory range was driven by cocaine base disparities before

4

the passage of the Fair Sentencing Act. Persons convicted of cocaine base offenses, but whose statutory ranges were not affected, are not eligible for relief. That is what happened here. Defendant's cocaine base conviction had no effect on his statutory range because he faced the same range on his conviction for cocaine. His statutory sentencing range was not affected by the 100:1 disparity between cocaine and cocaine base.

The First Step Act amended penalties for cocaine base, but not cocaine. Because Defendant also admitted guilt to a cocaine offense carrying the same penalty, he is not eligible for relief.[3] For reasons set forth above, Defendant's Motion for Relief Under First Step Act (ECF No. 1674) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 21, 2019

---

[3] Even defendants eligible for relief are not entitled to a full resentencing at which career offender status is revisited. Defendant's guideline range would be 168-210 months, and he is already serving a 168-month sentence.

5